**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WILLOW INNOVATIONS, INC., | Case No. 2:23-cv-00229-JRG |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| CHIARO TECHNOLOGY, LTD., | |
| Defendant. | |

**PLAINTIFF WILLOW INNOVATIONS, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
DEFENDANT CHIARO TECHNOLOGY, LTD.'S
FIRST AMENDED COUNTERCLAIMS**

Plaintiff Willow Innovations, Inc. ("Willow") hereby files this Answer to the First

Amended Counterclaims ("Elvie's Counterclaims") contained in Defendant Chiaro Technology,

Ltd.'s ("Chiaro" or "Elvie") Answer to Willow's First Amended Complaint for Patent

Infringement (Dkt. 33). The numbered paragraphs in this Answer correspond to the like-

numbered paragraphs of Elvie's Counterclaims, to the extent applicable. Willow denies all

allegations and characterizations except those expressly admitted.

**NATURE OF ELVIE'S COUNTERCLAIMS**

1.     This counterclaim is for willful patent infringement of U.S. Patent Nos.
11,260,151 (the "'151 patent"), 11,357,893 (the "'893 patent"), 11,413,380 (the "'380 patent"),
and 11,730,867 (the "'867 patent") (collectively, the "Elvie Asserted Patents"). In addition, this
counterclaim is for declaratory judgment that United States Patent Nos. 10,398,816 (the "'816
patent"), 10,434,228 (the "'228 patent"), 10,625,005 (the "'005 patent"), 10,722,624 (the "'624
patent"), 11,185,619 (the "'619 patent"), and U.S. Design Patent Nos. D832,995 (the "'D995

patent") and D977,625 (the "'D625") (collectively, the "Willow Asserted Patents") are invalid and not infringed by any Elvie product, including the Elvie Pump.

**ANSWER:** Willow admits that Elvie's Counterclaims purport to make claims under the patent laws of the United States, Title 35 of the United States Code. Willow specifically denies that it has committed or is committing any act of patent infringement. Except as expressly admitted, Willow denies each and every allegation in Paragraph 1.

2.      Elvie alleges that Willow's Willow Go product (the "Willow Go") infringes each of the Elvie Asserted Patents.

**ANSWER**: Willow denies each and every allegation in Paragraph 2, and specifically denies that it has committed or is committing any act of patent infringement.

## THE PARTIES

3.      Elvie is a company incorporated under the laws of England and Wales and located at 63-66 Hatton Garden, Second Floor, London, EC1N 8LE, United Kingdom.

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies them.

4.      On information and belief, Willow is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1975 El Camino Real, Suite 306, Mountain View, CA 94040.

**ANSWER:** Willow admits that Willow is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1975 El Camino Real, Suite 306, Mountain View, CA 94040.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement under 35 U.S. § 271.

**ANSWER:** To the extent a response is required, Willow admits that Elvie's Counterclaims purport to make claims for patent infringement under 35 U.S. § 271. Willow specifically denies that it has committed or is committing any act of patent infringement.

6.     This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 for Elvie's claims of patent infringement arising under federal law. This Court also has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and 35 U.S.C. § 1 *et seq*.

**ANSWER:** Willow admits, for purposes of this action only, that this Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 for Elvie's claims of patent infringement arising under federal law. Willow specifically denies that it has committed or is committing any act of patent infringement.

7.     Willow has availed itself of this forum in this action and is therefore subject to personal jurisdiction in this district.

**ANSWER:** Willow admits, for purposes of this action only, that this Court has specific personal jurisdiction over Willow Innovations, Inc. Except as expressly admitted, Willow denies each and every allegation in Paragraph 7, and specifically denies that it has committed or is committing any act of patent infringement.

8.     Willow purposefully availed itself of the benefit of conducting business in Texas by offering for sale and selling its Willow Go product in the State, including this District, through at least the online market places Amazon.com and shop.onewillow.com.

**ANSWER:** Willow admits that it transacts business in the State of Texas and in the Eastern District of Texas. Except as expressly admitted, Willow denies each and every allegation in Paragraph 8, and specifically denies that it has committed or is committing any act of patent infringement.

9.     Willow, directly and through subsidiaries or intermediaries (including distributors and/or retailers) has purposefully and voluntarily placed its infringing products into the stream of commerce with the intention and expectation that the infringing products will be purchased for use in Texas and this District. Willow has intentionally targeted Texas, and this District, for its business activities and has purposefully availed itself of the benefits of conducting business in Texas such that it should reasonably anticipate being subject to its law and the jurisdiction of its courts. Further, Elvie's infringement allegations arise out of and relate to Willow's commercial activities in Texas.

**ANSWER:** Willow admits that it transacts business in the State of Texas and in the Eastern District of Texas. Except as expressly admitted, Willow denies each and every allegation in Paragraph 9, and specifically denies that it has committed or is committing any act of patent infringement.

10.    Venue is proper in this judicial district under §§ 1391 and 1400, and as a result of Willow's choice of forum in filing this action.

**ANSWER:** Willow admits, for purposes of this action only, that venue is proper in the Eastern District of Texas under 28 U.S.C. § 1400(b). Except as expressly admitted, Willow denies each and every allegation set forth in Paragraph 10, and specifically denies that it has committed or is committing any act of patent infringement.

## BACKGROUND

11.    Elvie is an award-winning company that was founded in April 2013 by Tania Boler, an internationally recognized women's health expert, with the mission to revolutionize women's healthcare by developing smarter, "female first" technology that improves the health and lives of women.

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis denies them.

12.    Since 2013, Elvie has innovated, developed and sold products in women's healthcare categories which have been overlooked for many years, including breast pumps and pelvic floor health. The first product to launch, Elvie Trainer, is an award-winning Kegel trainer and app that helps women strengthen the pelvic floor. Its second product, Elvie Pump, is the world's first silent, wearable breast pump. Elvie Pump launched during the 2018 London Fashion Week when Valeria Garcia walked the runway while wearing the Elvie Pump.

**ANSWER:** Willow denies that Elvie Pump is the world's first silent, wearable breast pump. Willow is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and on that basis denies them.

13.    By 2017, Elvie was recognized as one of the UK's top 33 startups by TechCityUK and named one of the 15 startups "To Watch" by The Sunday Times. *See* Exhibit 1, Paul Abbott, 33 of the UK's Most Promising Tech Companies Join Upscale 2017, TechNation (Jan. 26, 2017), https://technation.io/news/upscale-2017/; Exhibit 2, Research Report 2017, The

Sunday Times Tech Track at 23 (accessible at https://www.m2lasers.com/images/2017-Tech-Track-100-research-report.pdf). Elvie is committed to continue investing in its innovative products to improve the lives of women around the globe.

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the

allegations of Paragraph 13, and on that basis denies them.

14.     Despite the important function of breast pumps for nursing parents, the breast pump industry remained largely stagnant for decades. *See* Exhibit 3, Sarah Buhr, *Kegel trainer startup Elvie is launching a smaller, smarter, hands-free breast pump*, TechCrunch (Sept. 14, 2018), https://techcrunch.com/2018/09/14/kegel-trainer-startup-elvie-is-launching-a-smaller-smarter-breast-pump/.

**ANSWER:** Willow has no basis to admit or deny the statements in the cited article.

Willow admits that innovation in the breast pump industry was largely stagnant for decades, but

denies all remaining allegations in paragraph 14.

15.     In 2015, Elvie recognized that there was great need for innovation in the breast pump space. At the time, breast pumps were bulky, loud, and often required an electrical outlet. New mothers were in need of a breast pump that could meet the demands of a busy life. Elvie began investing substantial time and resources to investigate the issues women faced when using existing breast pumps.

**ANSWER:** Willow admits that there was a need for improved breast pumps in the early

2010s. Willow is without information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 15, and on that basis denies them.

16.     Elvie determined that women were largely unhappy with the current breast pumps on the market and felt that the available pumps were impractical, difficult to fit into their busy lives, and made them feel like cows. Women wanted a solution that was strong and efficient, while also being quiet and discreet. Women also sought breast pumps that were easy to assemble, use, and clean, while also being portable and comfortable.

**ANSWER:** Willow admits that there was a need for improved breast pumps in the early

2010s. Willow is without information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 16, and on that basis denies them.

17.     Elvie sought to give women a better pumping experience than what the current market allowed for and in 2015 began developing a new breast pump that was more suitable to what mothers actually wanted. Elvie's development efforts focused on developing a superior

5

pump that would be discreet and that could be used anywhere, at any time. To achieve these goals, Elvie's design objectives included housing all physical and functional elements of the pump within a single unit that could fit inside a bra. Elvie's numerous other design considerations included a pump that required minimal set-up and that was easy to keep clean.

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies them.

18.     Elvie's development efforts ultimately culminated in the launch of the Elvie Pump in September 2018.

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis denies them.

19.     Taking years of market research and all the above issues into consideration, Elvie developed the Elvie Pump, the world's first silent, wearable breast pump. The Elvie Pump was designed to be "virtually silent," "small enough to fit a standard nursing bra," and "self-contained." *See* Ex. 18, Elvie Pump Introduction.

**ANSWER:** Willow denies that Elvie Pump is the world's first silent, wearable breast pump. Willow is without information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis denies them.

20.     Elvie unveiled the Elvie Pump, on September 15, 2018, which became available for sale in October 2018. An example of the Elvie Pump is shown below.



**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the

allegations of Paragraph 20, and on that basis denies them.

21.     The Elvie Pump was launched on Elvie's own e-commerce website as well as third party websites, such as amazon.com.

**ANSWER:** Willow admits that the Elvie Pump was sold on Elvie's website and third

party websites, such as amazon.com.

22.     Noted as one of "the biggest innovation[s] in pumping technology of the past 100 years," *see* Elvie, Core77 Design Awards 2019, https://designawards.core77.com/health-wellness/85273/Elvie (last accessed May 10, 2023), the Elvie Pump's trailblazing technology includes a coin-sized pump, sleek design, and the ability to run quietly and discreetly.

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the

allegations of Paragraph 22, and on that basis denies them.

23.     The Elvie Pump has won over 25 awards for its innovation, including International Design Awards, Mumsnet Awards, Dezeen Awards, Baby Magazine Awards, The Red Dot Awards and Good Design Awards amongst others. *See* Ex. 4.

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the

allegations of Paragraph 23, and on that basis denies them.

24.     For example, in 2019, TIME named the Elvie Pump as one of the "Best Inventions of 2019" (Exhibit 5); the Core77 Design Awards named the Elvie Pump as a runner up in the category of Health & Wellness (Exhibit 6); and Dezeen named the Elvie Pump the "Wearable Design of the Year." (Exhibit 7). In 2020, the European Centre awarded the Elvie Pump the 'Good Design Award." (Exhibit 8). Further, in 2022, Forbes named the Elvie Pump the "Best Wearable Breast Pump." (Exhibit 9).

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the

allegations of Paragraph 24, and on that basis denies them.

25.     In addition, Elvie Pump allows mothers to control the pump through a phone application. This allows mothers to customize the pump to fit their needs while giving them the freedom to pump whenever and wherever they would like.

**ANSWER:** Willow admits that Elvie Pump allows mothers to control the pump through

a phone application and allows mothers to customize the pump. Willow is without information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25, and on that

basis denies them.

26.     In order to protect its pioneering technology, Elvie applied for and received
numerous patents covering its innovative breast pump, including the Elvie Asserted Patents,
which claim priority to a number of Great Britain patent applications filed in June 2017.

**ANSWER:** Willow denies that Elvie's alleged technology is either innovative or

pioneering. Willow avers that Paragraph 26 purports to reference written material and purports to

characterize that material. Willow admits that Elvie applied for and received patents, but denies

all remaining allegations in paragraph 26.

27.     On March 1, 2022, the United States Patent and Trademark Office ("USPTO")
duly and lawfully issued U.S. Patent No. 11,260,151 (the "'151 patent"), entitled "Breast Pump
System." A true and correct copy of the '151 patent is attached hereto as Exhibit 10. The '151
patent was exclusively licensed to Elvie, and Elvie possesses the exclusive right of recovery for
any past, present, or future infringement of the '893 patent, including equitable relief and
damages.

**ANSWER:** Willow avers that Paragraph 27 purports to reference written material and

purports to characterize that material. Willow admits that the cover page of the '151 patent states

that its title is "Breast Pump System" and that its date of issuance is March 1, 2022, but

specifically denies that the '151 patent was duly and legally issued. Willow admits that Exhibit

10 to the Elvie's Counterclaims purports to be a copy of the '151 patent. Willow denies that a

purported license to the '151 patent provides Elvie with the exclusive right of recovery for any

past, present, or future infringement of the '893 patent. Willow is without information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 27, and on that basis

denies them.

28.     The '151 patent claims priority to a number of Great Britain patent applications
with priority dates as early as June 15, 2017. The '151 patent issued from U.S. Patent
Application No. 17/203,109 (the "'109 application) which was filed on March 16, 2021. The
'109 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057
application"), which was filed on February 22, 2023. The '057 application is a continuation of
U.S. Patent No. 16/009,547 (the "'547 application"), which was filed on June 15, 2018 and later

issued as U.S. Patent No. 10,926,011.

      **ANSWER:** Willow avers that Paragraph 28 purports to reference written material and purports to characterize that material. Willow admits that the '151 patent purports to claim priority to certain Great Britain patent applications with priority dates as early as June 15, 2017. Willow admits that the cover page of the '151 patent states that it issued from U.S. Patent Application No. 17/203,109 (the "'109 application) which was filed on March 16, 2021. Willow admits that the cover page of the '151 patent states that the 109 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"). To the extent that Elvie alleges that the '057 application was filed on February 22, 2023, Willow denies all allegations with respect to the '057 application. Willow admits that the cover page of the '151 patent states that the '057 application is a continuation of U.S. Patent No. 16/009,547 (the "'547 application"), which was filed on June 15, 2018 and later issued as U.S. Patent No. 10,926,011.

      29.    On June 14, 2022, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 11,357,893 (the "'893 patent"), entitled, "Breast Pump System." A true and correct copy of the '893 patent is attached hereto as Exhibit 11. The '893 patent was exclusively licensed to Elvie, and Elvie possess the exclusive right of recovery for any past, present, or future infringements of the '893 patent, including equitable relief and damages.

      **ANSWER:** Willow avers that Paragraph 29 purports to reference written material and purports to characterize that material. Willow admits that the cover page of the '893 patent states that its title is "Breast Pump System" and that its date of issuance is June 14, 2022, but specifically denies that the '893 patent was duly and legally issued. Willow admits that Exhibit 11 to the Elvie's Counterclaims purports to be a copy of the '893 patent. Willow is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29, and on that basis denies them.

      30.    The '893 patent claims priority to a number of Great Britain patent applications with priority dates as early as June 15, 2017. The '893 patent issued from U.S. Patent

Application No. 17/203,050 (the "'050 application") which was filed on March 16, 2021. The '050 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. The '057 application is a continuation of U.S. Patent Application 16/009,547 (the "'547 application") which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

**ANSWER:** Willow avers that Paragraph 30 purports to reference written material and purports to characterize that material. Willow admits that the '893 patent purports to claim priority to certain Great Britain patent applications with priority dates as early as June 15, 2017. Willow admits that the cover page of the '893 patent states that it issued from U.S. Patent Application No. 17/203,050 (the "'050 application") which was filed on March 16, 2021. Willow admits that the cover page of the '893 patent states that the '050 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. Willow admits that the cover page of the '893 patent states that the '057 application is a continuation of U.S. Patent Application 16/009,547 (the "'547 application") which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

31.     On August 16, 2022, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued U.S. Patent No. 11,413,380 (the "'380 patent"), entitled, "Breast Pump System." A true and correct copy of the '380 patent is attached hereto as Exhibit 12. The '380 patent was exclusively licensed to Elvie, and Elvie possess the exclusive right of recovery for any past, present, or future infringements of the '380 patent, including equitable relief and damages.

**ANSWER:** Willow avers that Paragraph 31 purports to reference written material and purports to characterize that material. Willow admits that the cover page of the '380 patent states that its title is "Breast Pump System" and that its date of issuance is August 16, 2022, but specifically denies that the '380 patent was duly and legally issued. Willow admits that Exhibit 12 to the Elvie's Counterclaims purports to be a copy of the '380 patent. Willow is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and on that basis denies them.

32.     The '380 patent claims priority to a number of Great Britain patent applications with priority dates as early as June 15, 2017. The '380 patent issued from U.S. Patent Application No. 17/203,327 (the "'327 application"), which was filed on March 16, 2021. The '327 application is a continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. The '057 application is a continuation of U.S. Patent Application No. 16/009,547 (the "'547 application"), which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

**ANSWER:** Willow avers that Paragraph 32 purports to reference written material and

purports to characterize that material. Willow admits that the '380 patent purports to claim

priority to certain Great Britain patent applications with priority dates as early as June 15, 2017.

Willow admits that the cover page of the '380 patent states that it issued from U.S. Patent

Application No. 17/203,327 (the "'327 application"), which was filed on March 16, 2021.

Willow admits that the cover page of the '380 patent states that the '327 application is a

continuation of U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed

on February 22, 2021. Willow admits that the cover page of the '380 patent states that the '057

application is a continuation of U.S. Patent Application No. 16/009,547 (the "'547 application"),

which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

33.     On August 22, 2023, the USPTO duly and lawfully issued U.S. Patent No. 11,730,867 (the "'867 patent"), entitled, "Breast Pump System." A true and correct copy of the '867 patent is attached hereto as Exhibit 25. The '867 patent was exclusively licensed to Elvie, and Elvie possesses the exclusive right of recovery for any past, present, or future infringements of the '867 patent, including equitable relief and damages.

**ANSWER:** Willow avers that Paragraph 33 purports to reference written material and

purports to characterize that material. Willow admits that the cover page of the '867 patent states

that its title is "Breast Pump System" and that its date of issuance is August 22, 2023, but

specifically denies that the '867 patent was duly and legally issued. Willow admits that Exhibit

25 to the Elvie's Counterclaims purports to be a copy of the '867 patent. Willow is without

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

33, and on that basis denies them.

11

34.     The '867 patent claims priority to U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. The '057 application is a continuation of the '547 application, which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

**ANSWER:** Willow avers that Paragraph 34 purports to reference written material and purports to characterize that material. Willow admits that the '867 patent purports claim priority to U.S. Patent Application No. 17/181,057 (the "'057 application"), which was filed on February 22, 2021. Willow admits that the cover page of the '867 patent states that the '057 application is a continuation of the '547 application, which was filed on June 15, 2018 and issued as U.S. Patent No. 10,926,011.

35.     During the Elvie Pump development process that began in 2015, competitor breast pumps continued to arrive on the market. One example was the Willow Wearable Breast Pump, which was Willow's first breast pump that launched in January 2017. *See* Exhibit 13. A picture of the Willow Wearable Breast Pump is shown below.



**ANSWER:** Willow admits that its Wearable Breast Pump was available for purchase by the public at least as early as January 2017. Except as expressly admitted, Willow denies all remaining allegations in Paragraph 35.

36.     On information and belief, Willow obtained a number of patents covering the Willow Wearable Breast Pump, including Willow's Asserted Patents. *See* Exhibit 14, Willow's Patents (https://onewillow.com/about-willow/patents/#).

**ANSWER:** Willow admits that it obtained a number of patents covering its wearable breast pumps, including Willow's Asserted Patents.

37.     However, Willow's Wearable Breast Pump had numerous drawbacks and still lacked critical features that nursing parents wanted. For example, it was loud, heavy, and required single-use plastic bags to collect the milk. *See* Exhibit 15, TechCrunch. (https://techcrunch.com/2018/09/14/kegel-trainer-startup-elvie-is-launching-a-smaller-smarter-breast-pump/).

**ANSWER:** Willow denies each and every allegation in Paragraph 37.

38.     Through its research, Elvie had received substantial negative feedback regarding the use of milk bags. A pump design that required the use of milk collection bags would mean that women would need to continue to purchase milk bags for use with the breast pump. The use of milk bags was also inconvenient because it required the user to stop pumping to change out the milk bag once full. Thus, Elvie sought to design a breast pump that integrated the milk collection vessel within the bra itself and excluded the use of milk bags.

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis denies them.

39.     Willow's Wearable Breast Pump utilized a pump architecture that generated negative pressure via compressing the milkflow path. Specifically, it used compression elements that cycled between moving away from the milkflow tube to increase vacuum and compressing the milkflow tube to decrease vacuum. But Elvie developed an improved pump architecture where the negative pressure was generated by the diaphragm above the nipple tunnel, and not directly in the milk flow pathway. This improvement allowed the negative pressure-generating elements to be isolated from how the milk is expressed. Moreover, Willow's original pump design required the inefficient upward flow of the milk path, which the Elvie Pump does not require.

**ANSWER:** Willow denies each and every allegation in Paragraph 39.

40.     Therefore, after years of development efforts, Elvie launched its Elvie Pump product, which was unprecedented in its ease of use, portability, and superior pump architecture. In comparison to the Willow Wearable Breast Pump, the Elvie Pump was more discreet and portable; it was quiet, did not require any bags, and was half the weight and size of the Willow breast pump. *See* Exhibit 24. With its in-bra, discreet, silent, and wireless design, the Elvie Pump system has changed the way that mothers are able to breastfeed.

**ANSWER:** Willow denies each and every allegation in Paragraph 40.

41.     Willow, upon seeing the success of the Elvie Pump, began adopting Elvie technology into Willow products. Notably, Elvie's smaller, more discreet architecture and several other features found in the Elvie Pump (and the Elvie Asserted Patents) are now found in

Willow's next generation pump, the Willow Go, which was launched in 2022.

**ANSWER:** Willow denies each and every allegation in Paragraph 41.

42.     Unsatisfied with merely copying Elvie's technology and seeking to capitalize on the Elvie Pump's success, Willow filed the instant suit against Elvie asserting patent infringement. Importantly, however, the Elvie Pump does not infringe any of Willow's Asserted Patents, because Willow's claims are narrowly tailored to cover Willow's original, inferior architecture. In contrast, all of the features Willow has copied from Elvie's products are memorialized and protected in Elvie's intellectual property. Willow's unfounded lawsuit asserting irrelevant patents necessitated these counterclaims asserting Elvie's significant and growing patent portfolio.

**ANSWER:** Willow denies each and every allegation in Paragraph 42.

43.     Willow announced the release of the Willow Go device on March 29, 2022. *See* Ex. 19, Willow Go Press Release (https://onewillow.com/newsroom/willow-expands-product-suite-and-unveils-willow-go-its-fully-in-bra-wearable-breast-pump-for-only-329/). In its press release, the Willow Go noted that it was "ultra-quiet and discreet." *Id*. A photo of the Willow Go is shown below.



**ANSWER:** Willow admits that it announced the release of the Willow Go device on March 29, 2022, and that its press release noted Willow Go as "ultra-quiet and discreet." Except as expressly admitted, Willow denies all remaining allegations in Paragraph 43.

44.     On information and belief, the Willow Go device is offered for sale and sold within the United States utilizing Elvie's patented technology.

**ANSWER:** Willow denies each and every allegation in Paragraph 44.

45.     On information and belief, Willow has sold the Willow Go in the United States, including this District and throughout Texas through online marketplaces. For example, the Willow Go is available online at Willow's own online store at https://shop.onewillow.com and Amazon.com. *See* Exhibit 16.

**ANSWER:** Willow admits that it transacts business in the State of Texas and in the

Eastern District of Texas.

46.     Willow describes the Willow Go as "[t]otally in-bra (even the motor)" and "unique because, unlike traditional breast pumps, everything works inside the pump, inside your bra—no external tubes, cords, wires, or dangling bottles." *See* Exhibit 17 (https://shop.onewillow.com/products/willow-go-pump-kit). But these allegedly "unique" features were disclosed several years prior in the Elvie Pump and Elvie's Asserted Patents.

**ANSWER:** Willow denies that the text quoted in Paragraph 46 appears in Exhibit 17.

Willow denies each and every allegation in Paragraph 46, and specifically denies that it has

committed or is committing any act of patent infringement.

47.     Notably, in its next-generation pump, Willow discarded its original, inferior method of generating negative pressure via compressing the milkflow path. Indeed, on information and belief, the Willow Go is not covered by any Willow U.S. Patents or Patent Applications. *See* Exhibit 18, Willow Patent Page (noting that only the "Willow Wearable Breast Pump" practices the Asserted Patents). Rather, the Willow Go copies the Elvie Pump's improved pump architecture where the negative pressure is generated by the diaphragm.

**ANSWER:** Willow denies each and every allegation in Paragraph 47, and specifically

denies that it has committed or is committing any act of patent infringement.

48.     On information and belief, Willow has been knowledgeable about Elvie's Asserted Patents since their issuance dates.

**ANSWER:** Willow denies each and every allegation in Paragraph 48.

49.     On information and belief, as a competitor in the breast pump market, Willow monitors competitor patent applications and issued patents.

**ANSWER:** Willow admits that Elvie is a competitor in the breast pump market. Willow

denies that it monitors patent applications and issued patents of all its competitors.

50.     On information and belief, Willow monitors the patent applications, issued patents, and litigation activity of competitors including at least Elvie.

**ANSWER:** Willow denies each and every allegation in Paragraph 50.

51.     Elvie provides notice of its patents, including the Elvie Asserted Patents, for each of its products through its website in compliance with all statutory requirements, including the requirements of 35 U.S.C. § 287, to pursue and recover for any infringement of the Elvie Asserted Patents. *See* Ex. 20. Elvie's website specifically notes that the Elvie Pump is covered by Elvie's Asserted Patents. *See id.*

**ANSWER:** Willow admits that Elvie's website currently lists the Elvie Pump as covered by the '151, '893, and '380 patents, but denies that the Elvie Pump is covered by any valid and enforceable claims of the '151, '893, and '380 patents. Willow denies that Elvie lists the '867 patent on its website, and denies that the Elvie Pump is covered by any valid and enforceable claims of the '867 patent. Except as expressly admitted, Willow denies all remaining allegations in Paragraph 51.

52.     As a policy, Elvie provides notice of its patents, including the Elvie Asserted Patents, through its website soon after grant. *See, e.g.*, Ex. 20 (Elvie's website specifically noting that, as of August 14, 2023, the Elvie Pump is covered by the '893, '380, and '151 Patents).

**ANSWER:** Willow is without information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and on that basis denies them.

53.     In the alternative, Willow has had knowledge of Elvie's Asserted Patents at least as of the filing date of this Counterclaim.

**ANSWER:** Willow admits that it has had knowledge of Elvie's Asserted Patents as of the filing date of Elvie's Counterclaims.

54.     Therefore, at least as of the date of this Counterclaim, Willow has had knowledge that its products infringe Elvie's Asserted Patents.

**ANSWER:** Willow denies each and every allegation in Paragraph 54.

55.     Willow's knowledge of Elvie's Asserted Patents is sufficient to satisfy the knowledge element for induced, contributory, and willful infringement.

**ANSWER:** Willow denies each and every allegation in Paragraph 55.

## COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,357,893[1]

56.     Elvie realleges and incorporates by reference paragraphs 1-55 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-55 above, as if fully set forth herein.

57.     The '893 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 1 of the '893 patent recites:

> A breast pump device that is configured as a self-contained, in-bra wearable
> device, the breast pump device containing:
> a housing that includes:
> a battery, and
> a pump powered by the battery and generating negative air
> pressure;
> a breast shield made up of a breast flange and a nipple tunnel;
> a milk container that is configured to be attached to and removed from the
> housing; and
> a diaphragm configured to be seated against a diaphragm holder that forms
> a recess or cavity at least in part with an external surface of the
> housing, the diaphragm deforming in response to changes in air
> pressure caused by the pump to create negative air pressure in the
> nipple tunnel.

**ANSWER:** Willow admits that the text quoted in Paragraph 57 appears in the '893

patent. Willow further states that the '893 patent speaks for itself. Except as expressly admitted,

Willow denies all remaining allegations in Paragraph 57.

58.     Willow has directly infringed and continues to directly infringe one or more claims of the '893 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, the Willow Go device. For example, the Willow Go includes or performs each and every limitation of at least claim 1 of the '893 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Willow denies each and every allegation in Paragraph 58, and specifically

denies that it has committed or is committing any act of patent infringement.

---

[1] Willow uses the headings in Elvie's Counterclaims, as well as corresponding numbered paragraphs, for convenience. Willow does not admit any allegations contained in those headings.

59.     Elvie attaches hereto Exhibit 22 which provide an exemplary claim chart describing how the Willow Go meets the limitations described in claim 1 of the '893 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 59, and specifically

denies that it has committed or is committing any act of patent infringement.

60.     Plaintiff also indirectly infringes one or more claims of the '893 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the Asserted Patent by offering to sell or selling within the United States a device covered by the claims of the Asserted Patent that is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Willow denies each and every allegation in Paragraph 60, and specifically

denies that it has committed or is committing any act of patent infringement.

61.     For example, Willow instructs customers of its Willow Go on how to use and operate the Accused Product.

**ANSWER:** Willow admits that it provides, to customers of the Willow Go, product

support and answers to frequently asked questions.  Willow specifically denies that it has

committed or is committing any act of patent infringement, and thus denies that it instructs

customers of the Willow Go how to use or operate the product in an infringing manner.

62.     Willow's direct and indirect infringement of the '893 patent has been, and continues to be, willful. On information and belief, Plaintiff has been aware of the '893 patent since before the filing of this Complaint and has infringed the '893 patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

**ANSWER:** Willow denies each and every allegation in Paragraph 62, and specifically

denies that it has committed or is committing any act of patent infringement.

63.     Willow's infringement of the '893 patent has damaged, and continues to damage Elvie in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Elvie would have made but for Willow's infringing acts as provided by 35 U.S.C. § 284.

**ANSWER:** Willow denies each and every allegation in Paragraph 63, and specifically

denies that it has committed or is committing any act of patent infringement.

64.     Elvie will suffer irreparable harm unless Willow is enjoined from infringing the '893 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 64, and specifically denies that it has committed or is committing any act of patent infringement.

## COUNT II: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,413,380

65.     Elvie realleges and incorporates by reference paragraphs 1-64 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in Paragraphs 1-64 above, as if fully set forth herein.

66.     The '380 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 29 of the '380 patent recites:

> A breast pump device that is configured as a self-contained, in-bra wearable device, the breast pump device comprising:
> a self-contained, in-bra wearable device comprising:
> a housing that includes:
>> a rechargeable battery,
>> a power charging circuit for controlling charging of the rechargeable battery,
>> control electronics powered by the rechargeable battery,
>> a pump powered by the rechargeable battery and configured to generate negative air pressure, and
>> a Universal Serial Bus (USB) charging socket for transferring power to the power charging circuit and the rechargeable battery;
> a breast shield made up of a breast flange and a nipple tunnel;
> a milk container that is configured to be attached to and removed from the housing; and
> a membrane that is configured to define a pumping chamber at least in part with an external surface of the housing, the membrane configured to deform in response to changes in air pressure caused by the pump to create negative air pressure in the nipple tunnel.

**ANSWER:** Willow admits that the text quoted in Paragraph 66 appears in the '380 patent. Willow further states that the '380 patent speaks for itself. Except as expressly admitted, Willow denies all remaining allegations in Paragraph 66.

67.     Willow has directly infringed and continues to directly infringe one or more claims of the '380 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, the

19

Willow Go device. For example, the Willow Go includes or performs each and every limitation of at least, claim 29 of the '380 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Willow denies each and every allegation in Paragraph 67, and specifically denies that it has committed or is committing any act of patent infringement.

68.     Elvie attaches hereto Exhibit 23 which provides an exemplary claim chart describing how the Willow Go meets the limitations described in claim 29 of the '380 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 68, and specifically denies that it has committed or is committing any act of patent infringement.

69.     Plaintiff also indirectly infringes one or more claims of the '380 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the Asserted Patent by offering to sell or selling within the United States a device covered by the claims of the Asserted Patent that is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Willow denies each and every allegation in Paragraph 69, and specifically denies that it has committed or is committing any act of patent infringement.

70.     For example, Willow instructs customers of its Willow Go on how to use and operate the Accused Product.

**ANSWER:** Willow admits that it provides, to customers of the Willow Go, product support and answers to frequently asked questions.  Willow specifically denies that it has committed or is committing any act of patent infringement, and thus denies that it instructs customers of the Willow Go how to use or operate the product in an infringing manner.

71.     Willow's direct and indirect infringement of the '380 patent has been, and continues to be, willful. On information and belief, Plaintiff has been aware of the '380 patent since before the filing of this Complaint and has infringed the '380 patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

**ANSWER:** Willow denies each and every allegation in Paragraph 71, and specifically denies that it has committed or is committing any act of patent infringement.

72.     Willow's infringement of the '380 patent has damaged, and continues to damage Elvie in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Elvie would have made but for Willow's infringing acts as provided by 35 U.S.C. § 284.

**ANSWER:** Willow denies each and every allegation in Paragraph 72, and specifically

denies that it has committed or is committing any act of patent infringement.

73.     Elvie will suffer irreparable harm unless Willow is enjoined from infringing the '380 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 73, and specifically

denies that it has committed or is committing any act of patent infringement.

### COUNT III: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,260,151

74.     Elvie realleges and incorporates by reference paragraphs 1-73 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-63 above, as if fully set forth herein.

75.     The '151 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bra and an air-pump. Exemplary claim 1 of the '151 patent recites:

> A breast pump device that is configured as a self-contained, in-bra wearable device, the breast pump device comprising:
> (i) a housing that includes (a) a battery, and (b) an air pump system powered by the battery and generating negative air pressure;
> (ii) a breast shield made up of a breast flange and a nipple tunnel; and
> (iii) a milk container that is configured to attach to the housing;
> and in which a location of the centre of gravity of the breast pump device is, when in use, below a centre of the nipple tunnel when the milk container is empty.

**ANSWER:** Willow admits that the text quoted in Paragraph 75 appears in the '151

patent. Willow further states that the '151 patent speaks for itself. Except as expressly admitted,

Willow denies all remaining allegations in Paragraph 75.

76.     Willow has directly infringed and continues to directly infringe one or more claims of the '151 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, the Willow Go device. For example, the Willow Go includes or performs each and every limitation of at least, claim 1 of the '151 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Willow denies each and every allegation in Paragraph 76, and specifically denies that it has committed or is committing any act of patent infringement.

77.     Elvie attaches hereto Exhibit 21 which provides an exemplary claim chart describing how the Willow Go meets the limitations described in claim 1 of the '151 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 77, and specifically denies that it has committed or is committing any act of patent infringement.

78.     Plaintiff also indirectly infringes one or more claims of the '151 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the Asserted Patent by offering to sell or selling within the United States a device covered by the claims of the Asserted Patent that is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Willow denies each and every allegation in Paragraph 78, and specifically denies that it has committed or is committing any act of patent infringement.

79.     For example, Willow instructs customers of its Willow Go on how to use and operate the Accused Product.

**ANSWER:** Willow admits that it provides, to customers of the Willow Go, product support and answers to frequently asked questions.  Willow specifically denies that it has committed or is committing any act of patent infringement, and thus denies that it instructs customers of the Willow Go how to use or operate the product in an infringing manner.

80.     Willow's direct and indirect infringement of the '151 patent has been, and continues to be, willful. On information and belief, Plaintiff has been aware of the '151 patent since before the filing of this Complaint and has infringed the '151 patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

**ANSWER:** Willow denies each and every allegation in Paragraph 80, and specifically denies that it has committed or is committing any act of patent infringement.

81.     Willow's infringement of the '151 patent has damaged, and continues to damage Elvie in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Elvie would have made but for Willow's infringing acts as provided by 35 U.S.C. § 284.

**ANSWER:** Willow denies each and every allegation in Paragraph 81, and specifically

denies that it has committed or is committing any act of patent infringement.

82.     Elvie will suffer irreparable harm unless Willow is enjoined from infringing the '151 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 82, and specifically

denies that it has committed or is committing any act of patent infringement.

### COUNT IV: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 11,730,867

83.     Elvie realleges and incorporates by reference paragraphs 1-82 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-82 above, as if fully set forth herein.

84.     The '867 patent is directed towards a wearable breast pump system including a housing shaped at least in part to fit inside a bar [sic] and an air-pump. Exemplary claim 1 of the '867 patent recites:

A breast pump device comprising:

a self-contained, in-bra wearable device comprising:
a housing, the housing comprising
a battery, and
a pump system configured to be powered by the battery and further
configured to generate negative air pressure;
a breast shield comprising a breast flange and a nipple tunnel; and
a milk container configured to be attached to the housing,
wherein, in use, the breast shield is configured to contact the milk
container and a majority of an inner surface of the housing, the
inner surface of the housing configured to face a wearer's breast.

**ANSWER:** Willow admits that the text quoted in Paragraph 84 appears in the '867

patent. Willow further states that the '867 patent speaks for itself. Except as expressly admitted,

Willow denies all remaining allegations in Paragraph 84.

85.     Willow has directly infringed and continues to directly infringe one or more claims of the '867 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, the Willow Go device. For example, the Willow Go includes or performs each and every limitation

of at least, claim 1 of the '867 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Willow denies each and every allegation in Paragraph 85, and specifically

denies that it has committed or is committing any act of patent infringement.

86.     Elvie attaches hereto Exhibit 26 which provides an exemplary claim chart describing how the Willow Go meets the limitations described in claim 1 of the '867 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 86, and specifically

denies that it has committed or is committing any act of patent infringement.

87.     Plaintiff also indirectly infringes one or more claims of the '867 patent in violation of 35 U.S.C. § 271(b) and/or (c) by actively inducing infringement of the Asserted Patent by offering to sell or selling within the United States a device covered by the claims of the Asserted Patent that is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

**ANSWER:** Willow denies each and every allegation in Paragraph 87, and specifically

denies that it has committed or is committing any act of patent infringement.

88.     For example, Willow instructs customers of its Willow Go on how to use and operate the Accused Product.

**ANSWER:** Willow admits that it provides, to customers of the Willow Go, product

support and answers to frequently asked questions.  Willow specifically denies that it has

committed or is committing any act of patent infringement, and thus denies that it instructs

customers of the Willow Go how to use or operate the product in an infringing manner.

89.     Willow's direct and indirect infringement of the '867 patent has been, and continues to be, willful. On information and belief, Plaintiff has been aware of the '867 patent since before the filing of this Amended Complaint and has infringed the '867 patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

**ANSWER:** Willow denies each and every allegation in Paragraph 89, and specifically

denies that it has committed or is committing any act of patent infringement.

90.     Willow's infringement of the '867 patent has damaged, and continues to damage Elvie in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Elvie would have made but for Willow's infringing acts as provided by 35 U.S.C. § 284.

24

**ANSWER:** Willow denies each and every allegation in Paragraph 90, and specifically

denies that it has committed or is committing any act of patent infringement.

91.     Elvie will suffer irreparable harm unless Willow is enjoined from infringing the '867 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 91, and specifically

denies that it has committed or is committing any act of patent infringement.

## COUNT V: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,398,816

92.     Elvie realleges and incorporates by reference paragraphs 1-91 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-91 above, as if fully set forth herein.

93.     The '816 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

**ANSWER:** Willow denies each and every allegation in Paragraph 93.

94.     This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '816 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '816 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '816 patent.

95.     Elvie is entitled to a declaration by the Court that the '816 patent is invalid.

**ANSWER:** Willow denies each and every allegation in Paragraph 95.

96.     Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 96.

## COUNT VI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,398,816

97.     Elvie realleges and incorporates by reference paragraphs 1-96 of this counterclaim

25

as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-96 above, as if fully set forth herein.

98.     Elvie has not infringed any valid and enforceable claim of the '816 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**ANSWER:** Willow denies each and every allegation in Paragraph 98.

99.     This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '816 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '816 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '816 patent.

100.     Elvie is entitled to a declaration by the Court that Elvie does not infringe any valid and enforceable claim of the '816 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 100.

101.     Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 101.

### COUNT VII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,434,228

102.     Elvie realleges and incorporates by reference paragraphs 1-101 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-101 above, as if fully set forth herein.

103.     The '228 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

**ANSWER:** Willow denies each and every allegation in Paragraph 103.

104.     This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '228 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '228 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '228 patent.

105.    Elvie is entitled to a declaration by the Court that the '228 patent is invalid.

**ANSWER:** Willow denies each and every allegation in Paragraph 105.

106.    Elvie is entitled to further necessary or proper relief based on the Court's
declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 106.

### COUNT VIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,398,228

107.    Elvie realleges and incorporates by reference paragraphs 1-106 of this
counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-106 above, as if fully set forth herein.

108.    Elvie has not infringed any valid and enforceable claim of the '228 patent, either
literally or under the doctrine of equivalents, willfully or otherwise.

**ANSWER:** Willow denies each and every allegation in Paragraph 108.

109.    This counterclaim arises from an actual and justiciable controversy between Elvie
and Willow as to the alleged infringement of the '228 patent. Willow has brought suit against
Elvie, alleging that Elvie infringes the '228 patent, as reflected in the Complaint.

**ANSWER:** To the extent that Elvie alleges that Willow has brought suit against Elvie,

alleging that Elvie infringes U.S. Patent No. 10,398,228, Willow denies all allegations with

respect to U.S. Patent No. 10,398,228. Willow admits that it has brought suit against Elvie,

alleging that Elvie infringes U.S. Patent No. 10,434,228.

110.    Elvie is entitled to a declaration by the Court that Elvie does not infringe any
valid and enforceable claim of the '228 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 110.

111.    Elvie is entitled to further necessary or proper relief based on the Court's
declaratory judgment or decree.

27

**ANSWER:** Willow denies each and every allegation in Paragraph 111.

## COUNT IX: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,625,005

112.    Elvie realleges and incorporates by reference paragraphs 1-111 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-111 above, as if fully set forth herein.

113.    The '005 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

**ANSWER:** Willow denies each and every allegation in Paragraph 113.

114.    This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '005 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '005 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '005 patent.

115.    Elvie is entitled to a declaration by the Court that the '005 patent is invalid.

**ANSWER:** Willow denies each and every allegation in Paragraph 115.

116.    Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 116.

## COUNT X: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,625,005

117.    Elvie realleges and incorporates by reference paragraphs 1-116 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-116 above, as if fully set forth herein.

118.    Elvie has not infringed any valid and enforceable claim of the '005 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**ANSWER:** Willow denies each and every allegation in Paragraph 118.

119.     This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '005 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '005 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '005 patent.

120.     Elvie is entitled to a declaration by the Court that Elvie does not infringe any valid and enforceable claim of the '005 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 120.

121.     Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 121.

<u>**COUNT XI: DECLARATORY JUDGMENT OF INVALIDITY OF**</u>
<u>**U.S. PATENT NO. 10,722,624**</u>

122.     Elvie realleges and incorporates by reference paragraphs 1-121 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-121 above, as if fully set forth herein.

123.     The '624 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

**ANSWER:** Willow denies each and every allegation in Paragraph 123.

124.     This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '624 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '624 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '624 patent.

125.     Elvie is entitled to a declaration by the Court that the '624 patent is invalid.

**ANSWER:** Willow denies each and every allegation in Paragraph 125.

126.     Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 126.

### COUNT XII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,722,624

127.     Elvie realleges and incorporates by reference paragraphs 1-126 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-126 above, as if fully set forth herein.

128.     Elvie has not infringed any valid and enforceable claim of the '624 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**ANSWER:** Willow denies each and every allegation in Paragraph 128.

129.     This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '624 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '624 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '624 patent.

130.     Elvie is entitled to a declaration by the Court that Elvie does not infringe any valid and enforceable claim of the '624 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 130.

131.     Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 131.

### COUNT XIII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,185,619

132.     Elvie realleges and incorporates by reference paragraphs 1-131 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-121 above, as if fully set forth herein.

133.     The '619 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

**ANSWER:** Willow denies each and every allegation in Paragraph 133.

134.     This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '619 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '619 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '619 patent.

135.     Elvie is entitled to a declaration by the Court that the '619 patent is invalid.

**ANSWER:** Willow denies each and every allegation in Paragraph 135.

136.     Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 136.

## COUNT XIV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,185,619

137.     Elvie realleges and incorporates by reference paragraphs 1-136 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-136 above, as if fully set forth herein.

138.     Elvie has not infringed any valid and enforceable claim of the '619 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**ANSWER:** Willow denies each and every allegation in Paragraph 138.

139.     This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '619 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '619 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '619 patent.

140.     Elvie is entitled to a declaration by the Court that Elvie does not infringe any valid and enforceable claim of the '619 patent.

31

**ANSWER:** Willow denies each and every allegation in Paragraph 140.

141.    Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 141.

## COUNT XV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. DESIGN PATENT NO. D832,995

142.    Elvie realleges and incorporates by reference paragraphs 1-141 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-141 above, as if fully set forth herein.

143.    The 'D995 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, 112 and/or 171.

**ANSWER:** Willow denies each and every allegation in Paragraph 143.

144.    This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the 'D995 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the 'D995 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the 'D995 patent.

145.    Elvie is entitled to a declaration by the Court that the 'D995 patent is invalid.

**ANSWER:** Willow denies each and every allegation in Paragraph 145.

146.    Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 146.

## COUNT XVI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D832,995

147.    Elvie realleges and incorporates by reference paragraphs 1-146 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-146 above, as if fully set forth herein.

148.    Elvie has not infringed any valid and enforceable claim of the 'D995 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**ANSWER:** Willow denies each and every allegation in Paragraph 148.

149.    This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the 'D995 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the 'D995 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the 'D995 patent.

150.    Elvie is entitled to a declaration by the Court that Elvie does not infringe any valid and enforceable claim of the 'D995 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 150.

151.    Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 151.

### COUNT XVII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. DESIGN PATENT NO. D977,625

152.    Elvie realleges and incorporates by reference paragraphs 1-151 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-151 above, as if fully set forth herein.

153.    The 'D625 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, 112 and/or 171.

**ANSWER:** Willow denies each and every allegation in Paragraph 153.

154.    This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the 'D625 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the 'D625 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the 'D625 patent.

155.    Elvie is entitled to a declaration by the Court that the 'D625 patent is invalid.

**ANSWER:** Willow denies each and every allegation in Paragraph 155.

156.    Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 156.

## COUNT XVIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D977,625

157.    Elvie realleges and incorporates by reference paragraphs 1-156 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-156 above, as if fully set forth herein.

158.    Elvie has not infringed any valid and enforceable claim of the 'D625 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**ANSWER:** Willow denies each and every allegation in Paragraph 158.

159.    This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the 'D625 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the 'D625 patent, as reflected in the Complaint.

**ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the 'D625 patent.

160.    Elvie is entitled to a declaration by the Court that Elvie does not infringe any valid and enforceable claim of the 'D625 patent.

**ANSWER:** Willow denies each and every allegation in Paragraph 160.

161.    Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 161.

## COUNT XIX: DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 10,668,229

162.    Elvie realleges and incorporates by reference paragraphs 1-161 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-161 above, as if fully set forth herein.

163.    The '229 patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or obviousness-type double patenting.

**ANSWER:** Willow denies each and every allegation in Paragraph 163.

164.    This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '229 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '229 patent, as reflected in the Complaint.

**ANSWER:** To the extent that Elvie alleges that Willow has brought suit against Elvie,

alleging that Elvie infringes U.S. Patent No. 10,668,229, Willow denies all allegations with

respect to U.S. Patent No. 10,668,229. Willow admits that it has brought suit against Elvie,

alleging that Elvie infringes U.S. Patent No. 10,688,229.

165.    Elvie is entitled to a declaration by the Court that the '229 patent is invalid.

**ANSWER:** Willow denies each and every allegation in Paragraph 165.

166.    Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**ANSWER:** Willow denies each and every allegation in Paragraph 166.

## COUNT XX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 10,688,229

167.    Elvie realleges and incorporates by reference paragraphs 1-166 of this counterclaim as if fully set forth herein.

**ANSWER:** Willow incorporates by reference each of its responses set forth in

Paragraphs 1-166 above, as if fully set forth herein.

168.    Elvie has not infringed any valid and enforceable claim of the '229 patent, either

literally or under the doctrine of equivalents, willfully or otherwise.

> **ANSWER:** Willow denies each and every allegation in Paragraph 168.

169.    This counterclaim arises from an actual and justiciable controversy between Elvie and Willow as to the alleged infringement of the '229 patent. Willow has brought suit against Elvie, alleging that Elvie infringes the '229 patent, as reflected in the Complaint.

> **ANSWER:** Willow admits that it has brought suit against Elvie, alleging that Elvie

infringes the '229 patent.

170.    Elvie is entitled to a declaration by the Court that Elvie does not infringe any valid and enforceable claim of the '229 patent.

> **ANSWER:** Willow denies each and every allegation in Paragraph 170.

171.    Elvie is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

> **ANSWER:** Willow denies each and every allegation in Paragraph 171.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Willow denies any remaining allegations in

Elvie's Counterclaims.

## PRAYER FOR RELIEF

To the extent a response is required, Willow denies that Elvie is entitled to any of its

requested relief. Willow specifically denies that it, directly or indirectly, literally or under the

doctrine of equivalents, has infringed or is infringing U.S. Patent Nos. 11,260,151, 11,357,893,

11,413,380, and 11,730,867 willfully or otherwise; specifically denies that the claims of the

Willow Asserted Patents are invalid; specifically denies that Elvie is entitled to any award of

damages; specifically denies that Elvie is entitled to attorneys' fees; and specifically denies that

Elvie is entitled to costs, prejudgment or postjudgment interest, treble damages, or any other

relief in this action.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and upon information and belief, Willow alleges and asserts the following affirmative defenses in response to the allegations in Elvie's Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Willow specifically reserves all rights to allege additional defenses that become known through the course of discovery or otherwise.

### FIRST DEFENSE – NO PATENT INFRINGEMENT

1.       Willow does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for direct infringement of any valid and enforceable claim of the '151, '893, '380, or '867 Patent.

2.       Willow does not indirectly infringe and has not indirectly infringed, either literally or under the doctrine of equivalents, and is not liable for indirect infringement of any valid and enforceable claim of the '151, '893, '380, or '867 Patent, for at least the reasons that (1) there is no underlying direct infringement pursuant to 35 U.S.C. § 271(a); (2) Willow lacks and has lacked an intent to induce infringement of the '151, '893, '380, or '867 Patent under § 271(b); and (3) Willow did not sell any product made especially for an infringing use or have knowledge of an infringing use under § 271(c).

### SECOND DEFENSE – NO WILLFUL PATENT INFRINGEMENT

3.       Willow does not willfully infringe and has not willfully infringed, directly or indirectly, either literally or under the doctrine of equivalents, and is not liable for willful infringement of any valid and enforceable claim of the '151, '893, '380, or '867 Patent.

### THIRD DEFENSE – PATENT INVALIDITY AND UNENFORCEABILITY

4.      The claims of the '151, '893, '380, and '867 Patents are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

5.      The claims of the '151, '893, '380, and '867 Patents are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

6.      The claims of the '151, '893, '380, and '867 Patents are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and indefiniteness.

7.      The claims of the '867 Patent is invalid and unenforceable under 35 U.S.C. §§ 101, 115, and/or 116 because of improper inventorship, as the patent fails to identify all of or the correct inventors.

## FOURTH DEFENSE – LIMITATION ON PATENT DAMAGES

8.      Elvie's claim for damages, if any, against Willow for alleged infringement of the '151, '893, '380, and '867 Patent is limited by 35 U.S.C. §§ 286, 287, and/or 288.

9.      With respect to the marking requirement of § 287, Elvie has failed to mark patented articles.

10.     With respect to the notice requirement of § 287, Elvie did not provide notice to Willow of the '151, '893, '380, and '867 Patents and/or notice of Willow's alleged infringement of the '151, '893, '380, and '867 Patents before the filing of its Counterclaims on August 14, 2023.

## FIFTH DEFENSE – FAILURE TO STATE A CLAIM

11.     Elvie's Counterclaims fails to state a claim upon which relief can be granted, including, but not limited to, failure of Elvie's Counterclaims to meet the standard for pleading

38

set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007).

## SIXTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

12.     Elvie is barred, under the doctrine of prosecution history estoppel, from

construing the claims of the '151, '893, '380, and '867 Patents in such a way as may cover any

accused products by reasons of statements made to the United States Patent and Trademark

Office during the prosecution of the application that led to the issuance of the '151, '893, '380,

and '867 Patents.

## SEVENTH DEFENSE – NOT AN EXCEPTIONAL CASE

13.     If Elvie is entitled to any remedy, Elvie is not entitled to a finding that this case is

exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent

power.

## RESERVATION OF ADDITIONAL DEFENSES

14.     Willow reserves the right to assert any additional defenses or counterclaims which

may now exist or in the future may be available based on discovery and further factual

investigation in this case.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Willow incorporates herein by reference the admissions, allegations, denials, and

Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims against

Elvie, and upon information and belief, Willow states as follows:

## THE PARTIES

1.     Willow Innovations, Incorporated is a corporation organized and existing under

the laws of the State of Delaware, having a principal place of business at 1975 El Camino Real,

Suite 306, Mountain View, CA 94040. On October 21, 2020, Willow changed its name from "Exploramed NC7, Inc." to "Willow Innovations, Inc."

2.      Chiaro Technology, Limited is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at 63-66 Hatton Garden, EC1N 8LE, London, United Kingdom. On the information and belief, Elvie is the trading name of Chiaro Technology Limited and conducts business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

3.      This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims arise under the patent laws of the United States.

4.      This Court has personal jurisdiction over Elvie, at least because Elvie has submitted to the jurisdiction of this District.

5.      Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

6.      In its Counterclaims, Elvie asserts that Willow has infringed U.S. Patent Nos. 11,260,151 (the "'151 patent"), 11,357,893 (the "'893 patent"), 11,413,380 (the "'380 patent"), and 11,730,867 (the "'867 patent") (collectively, the "Elvie Asserted Patents").

7.      The Elvie Asserted Patents are invalid, are unenforceable by Elvie, and/or have not been and are not being infringed by Willow, either directly or indirectly, literally or under the doctrine of equivalents.

40

8.      There is an actual case or controversy between the parties over the invalidity, unenforceability by Elvie, and noninfringement of the Elvie Asserted Patents.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,260,151

9.      Willow restates and incorporates by reference its allegations in Paragraphs 1 through 8 of its Counterclaims.

10.     An actual case or controversy exists between Willow and Elvie as to whether the '151 Patent is not infringed by Willow.

11.     A judicial declaration is necessary and appropriate so that Willow may ascertain its rights regarding the '151 Patent.

12.     Willow has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '151 Patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,260,151

13.     Willow restates and incorporates by reference its allegations in Paragraphs 1 through 12 of its Counterclaims.

14.     An actual case or controversy exists between Willow and Elvie as to whether the '151 Patent is invalid.

15.     A judicial declaration is necessary and appropriate so that Willow may ascertain its rights as to whether the '151 Patent is invalid.

16.     The '151 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 11,357,893

17.     Willow restates and incorporates by reference its allegations in Paragraphs 1 through 16 of its Counterclaims.

18.     An actual case or controversy exists between Willow and Elvie as to whether the '893 Patent is not infringed by Willow.

19.     A judicial declaration is necessary and appropriate so that Willow may ascertain its rights regarding the '893 Patent.

20.     Willow has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '893 Patent.

## COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF
## U.S. PATENT NO. 11,357,893

21.     Willow restates and incorporates by reference its allegations in Paragraphs 1 through 20 of its Counterclaims.

22.     An actual case or controversy exists between Willow and Elvie as to whether the '893 Patent is invalid.

23.     A judicial declaration is necessary and appropriate so that Willow may ascertain its rights as to whether the '893 Patent is invalid.

24.     The '893 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 11,413,380

25.     Willow restates and incorporates by reference its allegations in Paragraphs 1 through 24 of its Counterclaims.

26.     An actual case or controversy exists between Willow and Elvie as to whether the '380 Patent is not infringed by Willow.

27.     A judicial declaration is necessary and appropriate so that Willow may ascertain its rights regarding the '380 Patent.

28.     Willow has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '380 Patent.

## COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,413,380

29.     Willow restates and incorporates by reference its allegations in Paragraphs 1 through 28 of its Counterclaims.

30.     An actual case or controversy exists between Willow and Elvie as to whether the '380 Patent is invalid.

31.     A judicial declaration is necessary and appropriate so that Willow may ascertain its rights as to whether the '380 Patent is invalid.

32.     The '380 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## COUNT VII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,730,867

33.     Willow restates and incorporates by reference its allegations in Paragraphs 1 through 32 of its Counterclaims.

34.     An actual case or controversy exists between Willow and Elvie as to whether the '867 Patent is not infringed by Willow.

35.     A judicial declaration is necessary and appropriate so that Willow may ascertain its rights regarding the '867 Patent.

36.     Willow has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '867 Patent.

## COUNT VIII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,730,867

37.     Willow restates and incorporates by reference its allegations in Paragraphs 1 through 36 of its Counterclaims.

38.     An actual case or controversy exists between Willow and Elvie as to whether the '867 Patent is invalid.

39.     A judicial declaration is necessary and appropriate so that Willow may ascertain its rights as to whether the '867 Patent is invalid.

40.     The '867 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Willow prays for judgment as follows:

A.      A judgment dismissing Elvie's Counterclaims against Willow with prejudice;

B.      A declaration that Willow has not infringed, directly or indirectly, any valid and enforceable claim of the '151, '893, '380, or '867 Patent;

C.      A declaration that the '151, '893, '380, and '867 Patents are invalid and/or unenforceable;

D.      A declaration that this case is exceptional and an award to Willow of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

E.      A judgment limiting or barring Elvie's ability to enforce the '151, '893, '380, and '867 Patents in equity;

F.      Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Willow demands a jury trial for all issues so triable.

Dated: October 18, 2023

*/s/ Timothy S. Durst*

**O'MELVENY & MYERS LLP**
Timothy S. Durst (TX #00786924)
tdurst@omm.com
Cason Garrett Cole (TX #24109741)
ccole@omm.com
2501 North Harwood Street, Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

Robert F. Shaffer (admitted *pro hac vice*)
rshaffer@omm.com
Jason Fountain (admitted *pro hac vice*)
jfountain@omm.com
Miao Liu (admitted *pro hac vice*)
mliu@omm.com
1625 Eye St., NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Carolyn S. Wall (admitted *pro hac vice*)
cwall@omm.com
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Laura Burson (TX # 24091995)
lburson@omm.com
400 South Hope St
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Plaintiff
WILLOW INNOVATIONS, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 18, 2023. Any other counsel of record will be served by facsimile transmission, e-mail and/or first class mail.

<u>  /s/ Timothy S. Durst  </u>
Timothy S. Durst