# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

WILLOW INNOVATIONS, INC.

*Plaintiff,*

v.

CHIARO TECHNOLOGY LTD.,

*Defendant.*

Civil Action No. 2:23-cv-00229-JRG

**JURY TRIAL DEMANDED**

### [PROPOSED] ORDER FOCUSING PATENT CLAIMS
### AND PRIOR ART TO REDUCE COSTS

The Court ORDERS as follows:

1.    This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

***Phased Limits on Asserted Claims and Prior Art References***

2.    By July 25, 2024, the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. By August 8, 2024, which is not later than 14 days after service of the Preliminary Election of Asserted Claims,[1] the patent defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than

---

[1] Elvie's asserted prior art references for Willow's design patents (U.S. Patent Nos. D832,995 and D977,625) shall not be subject to the prior art references limitations of the Preliminary Election of Asserted Claims and Prior Art References.

a total of 40 references.[2]

3.    No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references.[3] For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

4.    If the patent claimant asserts infringement of only one patent, all per-patent limits in this order are increased by 50%, rounding up.

***Modification of this Order***

5.    Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[4]

---

[2] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[3] In its Final Election of Asserted Prior Art, Elvie shall narrow its asserted prior art references for Willow's design patents (U.S. Patent Nos. D832,995 and D977,625) to four total references.

[4] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.