IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLOW INNOVATIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00229-JRG |
| | § | |
| CHIARO TECHNOLOGY, LTD., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Elvie's[1] Counterclaims for Trade Dress Infringement (Count 21) (the "Motion to Dismiss") filed by Plaintiff Willow Innovations, Inc. ("Plaintiff" or "Willow"). (Dkt. No. 61.) Having considered the Motion to Dismiss, related briefing, and relevant authority, the Court finds that the Motion to Dismiss should be and hereby is **GRANTED** with leave for Defendant Chiaro Technology, Ltd., d/b/a Elvie to subsequently amend.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit against Defendant Chiaro Technology, Ltd., d/b/a Elvie ("Defendant" or "Elvie") on May 24, 2023, accusing Defendant of infringing seven U.S. patents. (Dkt. No. 1.) In its Amended Answer to Plaintiff's Complaint for Patent Infringement, Defendant filed counterclaims for infringement of four of its patents. (Dkt. No. 23.)[2] On September 12, 2023, Plaintiff filed its First Amended Complaint for Patent Infringement to assert another patent. (Dkt. No. 27.) In Defendant's April 15, 2024, Answer to Plaintiff's First Amended Complaint and

---

[1] Defendant Chiaro Technology, Ltd. does business as "Elvie." (Dkt. No. 61 at 1.)
[2] Defendant amended its original Answer to Plaintiff's Complaint for Patent Infringement to assert infringement of a fourth patent in its counterclaims. *Compare* (Dkt. No. 15), *with* (Dkt. No. 23).

Second Amended Counterclaims, Defendant included a counterclaim for trade dress infringement under Texas common law. *E.g.*, (Dkt. No. 60 ¶¶ 49-70).

On April 30, 2024, Plaintiff filed this Motion to Dismiss. (Dkt. No. 61.) Specifically, Plaintiff seeks to dismiss Defendant's trade dress counterclaim because Plaintiff alleges that (1) Defendant failed to plead a claim for trade dress infringement and (2) even if Defendant did sufficiently plead its trade dress infringement counterclaim, the Court does not have supplemental jurisdiction under 28 U.S.C. § 1367. (*Id.* at 1.)

## II.  LEGAL STANDARD

### A.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but it is not required to accept the plaintiff's legal conclusions as true. *Id.*

The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). However, documents attached to a defendant's motion to dismiss are considered a part of the pleadings if they are referred to in the complaint and are central to the claim. *Id.*

### B. Trade Dress Infringement

Trade dress refers to the "total image and overall appearance of a product and may include features such as the size, shape, color, color combinations, textures, graphics, and even sales techniques that characterize a particular product." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir. 2010). To state a claim for trade dress infringement, a party must establish two elements.[3] First, the party must establish that the trade dress "qualifies for protection." *Pebble Beach Co. v. Tour 18 I, Ltd.*, 155 F.3d 526, 536 (5th Cir. 1998). To qualify for legal protection, a trade dress must be inherently distinctive or have achieved secondary meaning in the public's mind, meaning that it must have "come through use to be uniquely associated with a specific source." *Id.* (cleaned up). Trade dress is only entitled to legal protection if it is non-functional. *Id.* Second, the plaintiff must show that the defendant's use of the trade dress creates "a likelihood of confusion in the minds of potential customers as to the source, affiliation, or sponsorship" of the defendant's product or service. *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008) (cleaned up).

## III. DISCUSSION

Plaintiff argues that Defendant's counterclaim fails to plead either element of a trade dress infringement claim. (Dkt. No. 61 at 4.) As an initial matter, the Court finds that the parties dispute what is the claimed trade dress at issue. Plaintiff argues that Defendant's claimed trade dress is the color scheme of its products and does not include any product packaging. (Dkt. No. 61 at 6.) Defendant argues that its trade dress is not limited to the color scheme of its products but also includes the color scheme of its product packaging. (Dkt. No. 62 at 6.)

---

[3] The test for trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, is the same test for trade dress infringement under Texas common law. *Primesource Building Prods., Inc. v. Hillman Grp., Inc.*, 2015 WL 11120882, at *3 (N.D. Tex. Mar. 31, 2015) (citing *Amazing Spaces*, 608 F.3d at 235 n.7).

"When alleging a trade dress claim, the plaintiff must identify the discrete elements of the trade dress that it wishes to protect" so that the defendant has fair notice of the grounds of the plaintiff's claim. *Test Masters Educ. Servs., Inc. v. State Farm Lloyds*, 791 F.3d 561, 565 (5th Cir. 2015); *see also AMID, Inc. v. Medic Alert Found. United States, Inc.*, 241 F. Supp. 3d 788, 807 (S.D. Tex. 2017) (dismissing a trade dress claim because the plaintiff failed to identify the trade dress with sufficient "clarity or consistency"). Defining the elements of the trade dress is especially critical where the plaintiff alleges that its trade dress is embodied in different products. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116 (2d Cir. 2001). If the trade dress were vaguely defined as an "overall look," the case might "degenerate into a question of quality, or beauty, or cachet." *Id.* at 117. "[P]hotographs alone are insufficient to provide notice of the elements of an alleged trade dress." *YETI Coolers, LLC v. Magnum Solace, LLC*, 2017 WL 5515910 at *3 (W.D. Tex. Mar. 30, 2017).

Here, Defendant has not clearly articulated what comprises its claimed trade dress. Defendant argues that it has sufficiently described its trade dress because it states "[t]he Color Scheme is present on Elvie's world-famous femtech products, packaging, and mobile application" and cites its counterclaims which included photographs. (Dkt. No. 62 at 1-2.) However, the written description solely describes the claimed trade dress as the "color scheme" of Defendant's products and product packaging. (*See, e.g.*, Dkt. No. 62 at 1-2.) This description and the photographs contained in the counterclaims alone do not sufficiently identify the "discrete elements" that Defendant seeks to protect. *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) (holding that "focus on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct dress," because the court must be able to evaluate the claim and narrowly tailor relief); *see also YETI Coolers*,

2017 WL 5515910 at *4 (holding that the plaintiff's "photographs in combination with a list of articulated, discrete elements" of the alleged trade dress was sufficient to allow the Court to understand "exactly what [YETI is] looking to protect.") (quoting *Gen. Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 415 (6th Cir. 2006)).

Accordingly, the Court finds that Defendant has not described its claimed trade dress sufficiently to support its trade dress counterclaim.[4]

## IV. CONCLUSION

Plaintiff's Motion to Dismiss (Dkt. No. 61) is **GRANTED** for the reasons stated herein and as such the Court **DISMISSES WITHOUT PREJUDICE** Defendant's counterclaim for trade dress infringement (count 21). The Court further provides that Defendant shall have **14 days from the date of this Order** during which to file an amended Answer and Counterclaims and thereby properly replead its trade dress counterclaim with sufficient specificity. If Defendant fails to replead its trade dress counterclaim properly and within the 14-day period provided, Defendant will be thereafter precluded from realleging such counterclaim as a part of this action.

So ORDERED and SIGNED this 4th day of September, 2024.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[4] Since the Court finds that Defendant has not sufficiently identified its trade dress, the Court need not reach whether Defendant has sufficiently pled the elements of trade dress. Further, because the identity of Defendant's trade dress is central to the Court's supplemental jurisdiction analysis, the Court does not address supplemental jurisdiction at this time. The Court will address Plaintiff's supplemental jurisdiction argument later, if necessary.