# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WILLOW INNOVATIONS, INC., *Plaintiff,* v. CHIARO TECHNOLOGY LTD., *Defendant.* | Civil Action No. 2:23-cv-00229-JRG **JURY TRIAL DEMANDED** |

## PLAINTIFF WILLOW'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT

I.  INTRODUCTION ................................................................................................................ 1
II. STATEMENT OF ISSUES TO BE DECIDED .................................................................. 1
III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................... 1
IV. LEGAL STANDARD .......................................................................................................... 2
V.  ARGUMENT ....................................................................................................................... 3
VI. CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanceme Inc. v. RapidPay, LLC*,
   509 F. Supp. 2d 593 (E.D. Tex. 2007), dismissed, 263 F. App'x 863 (Fed. Cir. 2008) ................................................................................................................................3

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).................................................................................................................2

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*,
   No. 222CV00126JRGRSP, 2022 WL 17978913 (E.D. Tex. Oct. 5, 2022)..........................2, 3

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021)..............................................................................................2, 3

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*,
   528 F.Supp.3d 407 (E.D. Va. Mar. 25, 2021).........................................................................4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).................................................................................................................2

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020)...............................................................................................2

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016).........................................................................................................2, 3, 4

*Intellectual Ventures I LLC v. Symantec Corp.*,
   234 F. Supp. 3d 601 (D. Del. 2017)........................................................................................4

*M&C Innovations, LLC v. Igloo Prods. Corp.*,
   No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .....................................4, 5

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
   No. 2:16-CV-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ................................3

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985)...............................................................................................3

**Other Authorities**

Fed. R. Civ. P. 56(a) .......................................................................................................................2

## I. INTRODUCTION

Defendant Chiaro Technology, Ltd. d/b/a "Elvie" makes a bare allegation in its amended Answer that "Willow's knowledge of Elvie's Asserted Patents is sufficient to satisfy the knowledge element for induced, contributory, and willful infringement." Dkt. 23 ¶ 55. Elvie's unsupported allegations are insufficient to support a claim for willfulness.

## II. STATEMENT OF ISSUES TO BE DECIDED

Willow Innovations, Inc. ("Willow") did not willfully infringe the Elvie Asserted Claims because the Accused Product was designed, tested, approved, and market-ready prior to the issuance of the patents-in-suit.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Willow filed its complaint in this action on May 24, 2023, accusing the Elvie Pump of infringing six utility patents and two design patents. Dkts. 1, 27.

2. Elvie served counterclaims on August 14, 2023, asserting infringement of three of the Asserted Elvie Patents against the Willow Go product. Dkt. 15. Elvie amended its counterclaims on August 22, 2023, to assert a fourth patent (the '867 Patent) against the Willow Go product. Dkt. 23.

3. Elvie's counterclaims alleged that Elvie provided notice of its patents through its website as of August 14, 2023. Dkt. 15 ¶¶ 49-50; Dkt. 23 ¶¶ 51-52.

4. Elvie alleges Willow announced the release of the Willow Go device on March 29, 2022. Dkt. 23 ¶ 43.

5. The Willow Go was cleared by the FDA in February 2022. Ex. 1 (K213311 510K clearance).

6. The first Elvie patent to issue from the asserted family was on March 1, 2022. Dkt. 23 ¶¶ 27-34.

1

7. Elvie has not presented any evidence that Willow had any knowledge of the Elvie Asserted Patents before it announced and started selling the Willow Go breast pump.

## IV. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The substantive law establishes that material facts and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A claim for willful infringement requires evidence of "deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020); *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 222CV00126JRGRSP, 2022 WL 17978913 at *1 (E.D. Tex. Oct. 5, 2022) (quoting *Bayer Healthcare LLC v. Baxalta Inc*., 989 F.3d 964, 988 (Fed. Cir. 2021)). Mere knowledge of the patents in suit is not enough. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 94 (2016) ("Culpability, however, is generally measured against the knowledge of the actor at the time of the challenged conduct."); *see Arigna Tech.*, 2022 WL 17978913 at *1 ("However, '[k]nowledge of the asserted patent and evidence of

infringement is necessary, but not sufficient, for a finding of willfulness.'") (quoting *Bayer Healthcare LLC*, 989 F.3d at 988).

Moreover, enhanced damages for willful infringement "are not to be meted out in a typical infringement case" but instead are reserved as a "sanction for egregious infringement behavior." *Halo Elecs., Inc*, 579 U.S. at 93.

## V.   ARGUMENT

Willow could not have had any specific intent to infringe.  Willfulness is based on a defendant's state of mind.  *See Plano Encryption Techs., LLC v. Alkami Tech., Inc*., No. 2:16-CV-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ("A claim for willful infringement must allege that infringement was intentional or knowing.") (internal citation omitted).  Here, Willow could not have had a "bad" state of mind, because it designed, tested, gained regulatory approval before the Elvie patents-in-suit issued, and Elvie has presented no evidence that Willow had any knowledge of the Elvie patents-in-suit before they issued.  *See Halo Elecs., Inc.*, 579 U.S. at 94 ("Culpability, however, is generally measured against the knowledge of the actor at the time of the challenged conduct."); *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it."); *Advanceme Inc. v. RapidPay, LLC,* 509 F. Supp. 2d 593 (E.D. Tex. 2007), dismissed, 263 F. App'x 863 (Fed. Cir. 2008), and aff'd, 277 F. App'x 1023 (Fed. Cir. 2008) ("A finding of willful infringement requires knowledge of the patent, and activity begun without knowledge of the patent generally cannot form the basis for a finding of willfulness.").

For the same reasons, no genuine factual dispute exists that Willow lacked a specific intent to infringe in the brief intermediary period after it became aware of the issued patents but before Elvie filed suit.  Elvie cannot point to any conduct by Willow that conceivably rises to the level

3

that Willow subjectively intended to infringe a known patent. Instead, Elvie can only point to routine marketing and sales activities by Willow, which are not enough as a matter of law to support a finding of willfulness. *See, e.g., M&C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (citing *Halo Elecs., Inc*, 579 U.S. at 109) ("Assuming for the sake of argument that the complaint put Igloo on notice of the existing patents, and Igloo continued its manufacturing its infringing products, this would simply be the kind of 'garden-variety' patent case that Halo affirms is ill-suited for a finding of willfulness."); *Intellectual Ventures I LLC v. Symantec Corp.,* 234 F. Supp. 3d 601, 612 (D. Del. 2017) (finding that "[n]o reasonable jury could find willful infringement based on" evidence that the defendant "has continued to update, produce, and sell" the infringing product after the suit was filed); *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F.Supp.3d 407, 431 (E.D. Va. Mar. 25, 2021) ("[Plaintiff's] continued sale of the infringing product without removing its infringing capability is merely typical infringement behavior that is not a proper basis for enhanced damages.").

Willow's choice to continue its pre-existing business does not reflect any deliberate or conscious infringement. Rather, such activity by the accused infringer is standard procedure—and certainly not egregious—in patent cases, where the usual course is that the defendant keeps selling the accused product or practicing the accused method after the lawsuit is filed. A defendant's vigorous defense and refusal to capitulate to a lawsuit is not willful infringement. *See M&C Innovations,* 2018 WL 4620713, at *5 ("this post-suit fact pattern [of continuing to manufacture allegedly infringing products] characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint").

4

## VI. CONCLUSION

In sum, there is no evidence that Willow had any knowledge of the patents-in-suit when it designed and gained FDA clearance of the accused Willow Go product or any intent to infringe the Elvie patents prior to the commencement of this action. And there is no evidence that Willow willfully infringed any of the patents-in-suit at any point after learning of their existence. The only conduct that Elvie can point to post-suit in support of its willfulness claim is all typical for a business accused of infringement. The Court should therefore grant partial summary judgment in Willow's favor as to Elvie's claim for willful infringement.

Dated: December 13, 2024                 */s/ Timothy S. Durst*

**O'MELVENY & MYERS LLP**
Timothy S. Durst (TX #00786924)
tdurst@omm.com
Cason Garrett Cole (TX #24109741)
ccole@omm.com
2801 North Harwood Street, Suite 1700
Dallas, TX 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

Robert F. Shaffer (admitted *pro hac vice*)
rshaffer@omm.com
Jason Fountain (admitted *pro hac vice*)
jfountain@omm.com
Miao Liu (admitted *pro hac vice*)
mliu@omm.com
Constance P. Lee (admitted *pro hac vice*)
1625 Eye St., NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

***Attorneys for Plaintiff Willow Innovations, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via email and/or the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 13, 2024.

/s/ *Timothy S. Durst*